UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>American Handicapped and Disadvantaged Workers, Inc., a corporation, also d/b/a AHDW and AHDW, Inc.,<br>    12601 North Cave Creek Rd., #113,<br>    Phoenix, Arizona 85022;<br><br>American Handicapped, Inc., a corporation, also d/b/a AH and AH, Inc.,<br>    138 North Saginaw,<br>    Pontiac, Michigan 48342;<br><br> and<br><br>Adli Dasuqi, individually and as an officer of American Handicapped and Disadvantaged Workers, Inc. and American Handicapped, Inc.,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C.

§§ 6101-6108, and the Unordered Merchandise Statute, 39 U.S.C. § 3009, to obtain preliminary and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the Unordered Merchandise Statute, 39 U.S.C. § 3009.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces the Telemarketing Act, 15 U.S.C. §§ 6101-6108. Pursuant to the Telemarketing Act, the FTC promulgated and enforces the TSR, 16 C.F.R. Part 310, which prohibits deceptive and abusive telemarketing acts or practices. The FTC also enforces the Unordered Merchandise Statute, 39 U.S.C. § 3009.

5.      The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act, the TSR, and the Unordered Merchandise Statute, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 56(a)(2)(A), 56(a)(2)(B), 57b, 6102(c), and 6105(b).

### DEFENDANTS

6.      Defendant American Handicapped and Disadvantaged Workers, Inc., also d/b/a AHDW and AHDW, Inc. ("AHDW"), is a for-profit Arizona corporation with its principal place of business at 12601 North Cave Creek Road, #113, Phoenix, AZ 85022. AHDW transacts or has transacted business in this district and throughout the United States.

7.      Defendant American Handicapped, Inc., also d/b/a AH and AH, Inc. ("AH"), is a for-profit Michigan corporation with its principal place of business at 138 North Saginaw, Pontiac, Michigan 48342. AH transacts or has transacted business in this district and throughout the United States.

8.      Defendant Adli Dasuqi is and has been an officer, director or principal of AHDW and AH. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

Defendant Adli Dasuqi resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

9.  Defendants AHDW and AH (collectively, "Corporate Defendants") have operated as a common enterprise while engaging in the deceptive acts and practices and other violations of law alleged below. Defendants have conducted the business practices described below through interrelated companies that have common ownership, officers, managers, business functions, employees, and office locations, and that commingled funds. Because these Corporate Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below. Defendant Adli Dasuqi has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the common enterprise. Defendant Adli Dasuqi has controlled and has had the authority to control bank accounts used by the Corporate Defendants that constitute the common enterprise, and has used his control and authority to enrich himself personally with substantial funds derived from the Corporate Defendants that constitute the common enterprise and from the business practices described below.

10. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

11. Since at least 2013, and continuing thereafter, Defendants have engaged in a plan, program or campaign to sell products through outbound interstate telephone calls to consumers.

12. On numerous occasions, Defendants have made telemarketing calls to consumers in which they have employed several deceptive tactics to sell household items such as light bulbs, trash bags, and cleaning products.

13. Defendants' telemarketers appeal to consumers' sense of charity by misrepresenting that consumers' purchases will help handicapped or disabled people, including by misrepresenting directly or by implication that most wages paid by Defendants go to handicapped or disabled employees or that the person soliciting is handicapped or disabled.

14. The telemarketers also mislead consumers into believing that they are calling on behalf of a charity, including by asking consumers for donations, stating that the consumers will receive a gift for the donation, or by failing to correct consumers when they refer to a Corporate Defendant as a charity or later write "donation" on their checks.

15. The prices of Defendants' products, reflected on the invoices Defendants send to consumers, are substantially higher than prices for similar products available on the market. For example, Defendants charge $30 for two light bulbs and $100 for sixty 15-gallon trash bags.

16. In fact, Defendants pay only a small portion of total wages to handicapped or disabled employees, the person soliciting is usually not handicapped or disabled, and Defendants do not operate a charitable organization.

17. Further, in numerous instances, Defendants ship merchandise with an invoice to consumers without the consumers' consent. Defendants then contact consumers and falsely claim that consumers owe payment for the unordered merchandise. Many of these consumers were thus misled into paying Defendants' invoices.

18. At times material to this Complaint, individual Defendant Adli Dasuqi has received notice regarding consumer complaints concerning Defendants' deceptive practices. Such notice has come from several sources such as the Arizona Better Business Bureau and law enforcers in several states, including the states of Iowa and Minnesota. Despite this notice, the observed pattern of consumer complaints regarding Defendants' deceptive practices has continued.

## VIOLATIONS OF THE FTC ACT

19. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

20. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I

### Misrepresentations to Induce Payment for Defendants' Goods

21. In numerous instances in connection with the marketing, offering for sale, or sale of household products, Defendants represent, directly or indirectly, expressly or by implication, that:

   a. Defendants consumers' purchases will significantly help handicapped or disabled people because:

      i. all or most wages paid by Defendants go to persons employed by Defendants who are handicapped or disabled;

      ii. the person soliciting is handicapped or disabled; and/or

      iii. Defendants operate charitable organizations;

   b. Defendants would send only a free gift; and

   c. consumers ordered the goods that were shipped and/or billed to the consumers.

22. In truth and in fact,

   a. the consumer's purchase will not significantly help handicapped or disabled people because:

      i. only a small minority of Defendants' earnings is paid to handicapped or disabled employees;

      ii. in numerous instances, the person soliciting the purchase is not handicapped or disabled;

      iii. and/or Defendants do not operate charitable organizations;

   b. in numerous instances, Defendants did not send only a free gift; and

   c. in numerous instances, consumers did not order the goods that were shipped and/or billed to them by Defendants.

23. Therefore, Defendants' representations set forth in Paragraph 21 of this Complaint are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE TELEMARKETING SALES RULE

24. Congress directed the FTC to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108, in 1994.  The FTC adopted the original Telemarketing Sales Rule ("TSR") in 1995, extensively amended it in 2003, and amended certain sections thereafter.

25. Defendants place "outbound telephone call[s]" and are "seller[s]" or "telemarketer[s]" engaged in "telemarketing" as defined by the TSR, 16 C.F.R. § 310.2(v), (aa), (cc), and (dd).

26. The TSR prohibits any seller or telemarketer from making a misleading statement to induce any person to pay for goods or services or to induce a charitable contribution. 16 C.F.R. § 310.3(a)(4).

27. Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c) and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57(a)(d)(3), a violation of the TSR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count II

### Misrepresentations to Induce Payment

28. In numerous instances, in the course of telemarketing various household products, Defendants have made false or misleading statements to induce consumers to pay for such products, including but not limited to misrepresentations that consumers' purchases would significantly help handicapped or disabled people because:

   a. all or most wages paid by Defendants go to persons employed by Defendants who are handicapped or disabled;

   b. the person soliciting is handicapped or disabled; and/or

    c. Defendants operate charitable organizations.

29. Defendants' acts or practices, as described in Paragraph 28 above, are deceptive telemarketing acts or practices that violate the TSR, 16 C.F.R. § 310.3(a)(4).

## VIOLATIONS OF THE UNORDERED MERCHANDISE STATUTE

30. The Unordered Merchandise Statute, 39 U.S.C. § 3009, generally prohibits sending unordered merchandise, unless such merchandise is clearly and conspicuously marked as a free sample, or is sent by a charitable organization soliciting contributions. The statute also prohibits sending consumers bills for unordered merchandise or dunning communications.

31. Pursuant to Section (a) of the Unordered Merchandise Statute, 39 U.S.C. § 3009, a violation of the Unordered Merchandise Statute constitutes an unfair method of competition and an unfair trade practice, in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

### Count III

### Sending and Billing for Unordered Merchandise

32. In numerous instances, in connection with the marketing of various household products, Defendants, which are not charitable organizations soliciting contributions, have shipped such products to consumers without the prior

expressed request or consent of the recipients, or without identifying them as free samples, thereby violating subsection (a) of the Unordered Merchandise Statute, 39 U.S.C. § 3009(a).

33. In numerous instances, in connection with the marketing of household products, Defendants have sent to the recipients of such goods one or more bills or dunning communications for such goods, thereby violating subsections (a) and (c) of the Unordered Merchandise Statute, 39 U.S.C. § 3009(a) and (c).

34. Defendants' practices, as alleged in Paragraphs 32-33 above, are therefore unfair trade practices that violate Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

## CONSUMER INJURY

35. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, the Telemarketing Sales Rule, and the Unordered Merchandise Statute. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

36. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt

and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

37. Section 19 of the FTC Act, 15 U.S.C. § 57b, and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the Telemarketing Sales Rule, including the rescission or reformation of contracts, and the refund of money.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff FTC, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b; Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b); the Unordered Merchandise Statute, 39 U.S.C. § 3009; and the Court's own equitable powers, requests that the Court:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to a preliminary injunction;

B.  Enter a permanent injunction to prevent future violations of the FTC Act, the Telemarketing Sales Rule, and the Unordered Merchandise Statute by Defendants;

C.  Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, Telemarketing Sales Rule, and Unordered Merchandise Statute, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D.  Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

DAVID C. SHONKA
Acting General Counsel

Dated: May 19, 2016

*s/Amy C. Hocevar*
AMY C. HOCEVAR (Ohio Bar #0075510)
LOCAL COUNSEL:    HARRIS A. SENTURIA (Ohio Bar #0062480)
Federal Trade Commission
BARBARA L. MCQUADE    1111 Superior Avenue, Suite 200
United States Attorney    Cleveland, Ohio 44114
Hocevar Phone: (216) 263-3409
PETER A. CAPLAN    Senturia Phone: (216) 263-3420
Assistant U.S. Attorney    Fax: (216) 263-3426
211 W. Fort St., Ste. 2001    ahocevar@ftc.gov
Detroit, MI 48226    hsenturia@ftc.gov
(313) 226-9784
barbara.mcquade@usdoj.gov    Attorney for Plaintiff
peter.caplan@usdoj.gov    FEDERAL TRADE COMMISSION