UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>American Handicapped and Disadvantaged Workers, Inc., a corporation, also d/b/a AHDW and AHDW, Inc.;<br><br>American Handicapped, Inc., a corporation, also d/b/a AH and AH, Inc.;<br><br>and<br><br>Adli Dasuqi, individually and as an officer of American Handicapped and Disadvantaged Workers, Inc. and American Handicapped, Inc.,<br><br>　　　　Defendants. | Case No. 16-11780<br>Hon . Avern Cohn<br><br><br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57(b), the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the Unordered Merchandise Statute, 39 U.S.C. § 3009. The Commission and

1

Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310, and the Unordered Merchandise Statute, 39 U.S.C. § 3009, by deceiving consumers into believing that purchases or donations would significantly help handicapped or disabled people and by sending unordered merchandise.

3.    Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.    Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants waive and release any claims that they may have against the

Commission that relate to this action.  The parties agree that this Order resolves all

allegations in the Complaint.

6.      Defendants waive all rights to appeal or otherwise challenge or contest the

validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      **"Defendants"** means all the Corporate Defendants and the Individual

Defendant, individually, collectively, or in any combination.

B.      **"Corporate Defendants"** means American Handicapped and

Disadvantaged Workers, Inc., also d/b/a AHDW and AHDW, Inc., and American

Handicapped, Inc., also d/b/a AH and AH, Inc., and their successors and assigns.

C.      **"Individual Defendant"** means Adli Dasuqi.

D.      **"Telemarketing"** means any plan, program, or campaign which is

conducted to induce the purchase of goods or services or a charitable contribution

by use of one or more telephones, and which involves a telephone call, whether or

not covered by the Telemarketing Sales Rule.

# ORDER

## I.  PERMANENT BAN

IT IS ORDERED that Defendants are permanently restrained and enjoined from telemarketing, advertising, marketing, promoting, offering for sale, or assisting in the telemarketing, advertising, marketing, promoting, or offering for sale, of any goods or services for the purported benefit of handicapped, disabled or disadvantaged persons.

## II.  PROHIBITIONS AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.     that all or most persons employed by or working on behalf of any company are members of any particular population of persons, such as veterans, service members, firefighters, members of law enforcement, or their families, or that all or most wages paid by any company are paid to members of any particular population of persons, such as veterans, service members, firefighters, members of law enforcement, or their families;

4

B.      that the person soliciting the consumer is a member of any particular population of persons, such as veterans, service members, firefighters, members of law enforcement, or their families;

C.      that any company's products are packaged or manufactured by any particular population of persons, such as veterans, service members, firefighters, members of law enforcement, or their families;

D.      that the consumer's purchase will benefit a charitable organization;

E.      that the company operates or is affiliated with a charitable organization;

F.      that any consumer has ordered or agreed to purchase one or more products from any company, and therefore owes money to any company; or

G.      any other fact material to consumers concerning any good or service, such as: the total cost to purchase; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III.  PROHIBITIONS RELATING TO TELEMARKETING SALES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with telemarketing any good or service or to induce a charitable contribution, are permanently restrained and enjoined from:

A.      misrepresenting or assisting others in misrepresenting, expressly or by

implication:

1.      that all or most persons employed by or working on behalf of any

company are members of any particular population of persons, such as veterans,

service members, firefighters, members of law enforcement, or their families, or

that all or most wages paid by any company are paid to members of any particular

population of persons, such as veterans, service members, firefighters, members of

law enforcement, or their families;

2.      that the person soliciting the consumer is a member of any particular

population of persons, such as veterans, service members, firefighters, members of

law enforcement, or their families;

3.      that any company's products are packaged or manufactured by any

particular population of persons, such as veterans, service members, firefighters,

members of law enforcement, or their families;

4.      that the consumer's purchase will benefit a charitable organization;

5.      that the company operates or is affiliated with a charitable

organization; or

6.      any other fact material to consumers concerning any good or service,

such as:  the total cost to purchase; any material restrictions, limitations, or

conditions; or any material aspect of its performance, efficacy, nature, or central

characteristics; or

B.      violating the Telemarketing Sales Rule, 16 C.F.R. 310, a copy of which is

attached.

## IV.  PROHIBITIONS AGAINST SENDING AND BILLING FOR UNORDERED MERCHANDISE

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents,

employees, and attorneys, and all other persons in active concert or participation

with any of them, who receive actual notice of this Order, whether acting directly

or indirectly in connection with promoting or offering for sale any good or service,

are permanently restrained and enjoined from:

A.      sending or causing to be sent any package containing any product to any

consumer without the prior expressed request or consent of the consumer, unless

such product is clearly and conspicuously identified as a free sample or the product

was sent by a charitable organization soliciting contributions;

B.      sending or causing to be sent any bill, invoice or dunning communication to

any consumer to whom Defendants or any company under their direct or indirect

control has sent or caused to be sent a product without that consumer's prior

expressed request or consent; or

C.      violating the Unordered Merchandise Statute, 39 U.S.C. § 3009, a copy of

which is attached.

## V.  MONETARY JUDGMENT AND SUSPENSION

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of Four Million, Five Thousand, Five Hundred Forty-Four Dollars and Eighty-Three Cents ($4,005,544.83) is entered in favor of the Commission against Individual Defendant and Corporate Defendants, jointly and severally.

B.     The judgment is suspended subject to the Subsections below.

C.     The Commission's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.   the Financial Statement of Adli Najib Dasuqi, dated February 29, 2016, including the attachments;

2.   the Financial Statement of American Handicapped and Disadvantaged Workers, Inc., dated March 7, 2016, including the attachments;

3.   the sworn testimony of Adli Dasuqi on September 24, 2015, and November 20, 2015, that American Handicapped, Inc., has never been operative and has no assets; and

4.   additional documentation and information provided by Defendants through their counsel Don Lansky on March 7, 10, and 11, 2016.

D.      The suspension of the judgment will be lifted as to any Defendant if, upon

motion by the Commission, the Court finds that Defendant failed to disclose any

material asset, materially misstated the value of any asset, or made any other

material misstatement or omission in the financial representations identified above.

E.      If the suspension of the judgment is lifted, the judgment becomes

immediately due as to that Defendant in the amount specified in Subsection A

above (which the parties stipulate only for purposes of this Section represents the

consumer injury alleged in the Complaint), less any payment previously made

pursuant to this Section, plus interest computed from the date of entry of this

Order.

F.      Defendants relinquish dominion and all legal and equitable right, title, and

interest in all assets transferred pursuant to this Order and may not seek the return

of any assets.

G.      The facts alleged in the Complaint will be taken as true, without further

proof, in any subsequent civil litigation by or on behalf of the Commission,

including in a proceeding to enforce its rights to any payment or monetary

judgment pursuant to this Order, such as a nondischargeability complaint in a

bankruptcy case.

H.     The facts alleged in the Complaint establish all elements necessary to sustain

an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy

Code, 11 U.S.C.

§ 523(a)(2)(A), and this Order will have collateral estoppel effect for such

purposes.

I.     Defendants acknowledge that their Taxpayer Identification Numbers (Social

Security Numbers or Employer Identification Numbers), which Defendants must

submit to the Commission, may be used for collecting and reporting on any

delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

J.     All money paid to the Commission pursuant to this Order may be deposited

into a fund administered by the Commission or its designee to be used for

equitable relief, including consumer redress and any attendant expenses for the

administration of any redress fund.  If a representative of the Commission decides

that direct redress to consumers is wholly or partially impracticable or money

remains after redress is completed, the Commission may apply any remaining

money for such other equitable relief (including consumer information remedies)

as it determines to be reasonably related to Defendants' practices alleged in the

Complaint.  Any money not used for such equitable relief is to be deposited to the

U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions

the Commission or its representatives may take pursuant to this Subsection.

## VI.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, their officers, agents, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.      failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

B.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

C.      failing to destroy such customer information in all forms in their possession, custody or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

11

# VII.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 10 years after entry of this Order, Defendant Adli Dasuqi, for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order;  and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, Adli Dasuqi must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs

13

services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, Adli Dasuqi must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

14

C.      Each Defendant must submit to the Commission notice of the filing of any

bankruptcy petition, insolvency proceeding, or similar proceeding by or against

such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under

penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746,

such as by concluding:  "I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.  Executed on:

_____" and supplying the date, signatory's full name, title (if applicable), and

signature.

E.      Unless otherwise directed by a Commission representative in writing, all

submissions to the Commission pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

Associate Director for Enforcement, Bureau of Consumer Protection, Federal

Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The

subject line must begin:  FTC v. American Handicapped and Disadvantaged

Workers, Inc., Matter No. 1523013.

## IX.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for

10 years after entry of the Order, and retain each such record for 5 years.

Specifically, Corporate Defendants and Adli Dasuqi for any business that he,

15

individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     accounting records showing the revenues from all goods or services sold;

B.     personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests pertaining to telemarketing practices or allegations of sending or billing for unordered merchandise, whether received directly or indirectly, such as through a third party, and any response;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E.     a copy of each unique script used in the telemarketing or sale of any good or service or in the collection of payment therefor; and

F.     personnel records sufficient to support any claims made about the company's personnel.

## X.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which the judgment was suspended:

16

A.      Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.       For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Adli Dasuqi,

17

pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §

1681b(a)(1).

## XI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this

matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 8<u>th</u> day of <u>June</u>, 2016.**

<u>s/Avern Cohn</u>
UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2016

18

**SO STIPULATED AND AGREED:**

**PLAINTIFF FEDERAL TRADE COMMISSION:**


s/Amy C. Hocevar                               Date:  **5/19/2016**
AMY C. HOCEVAR, Attorney (Ohio Bar #0075510)
HARRIS A. SENTURIA, Attorney (Ohio Bar #0062480)
Federal Trade Commission
1111 Superior Ave., Suite 200
Cleveland, Ohio 44114
Hocevar Phone: (216) 263-3409
Senturia Phone: (216) 263-3420
Fax: (216) 263-3426
ahocevar@ftc.gov
hsenturia@ftc.gov


**DEFENDANTS AMERICAN HANDICAPPED AND DISADVANTAGED WORKERS, INC., AMERICAN HANDICAPPED, INC., AND ADLI DASUQI:**


s/Aldi Dasuqi                                   Date:   3/16/2016
ADLI DASUQI, individually and as an officer of
American Handicapped and Disadvantaged Workers,
Inc. and American Handicapped, Inc.



Don. M. Lansky                                  Date:   3/16/2016
DON M. LANSKY, Attorney (Michigan Bar #P16413)
Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C.
39395 W. 12 Mile Road, Suite 200
Farmington Hills, MI  48333-9057
Phone: (248) 489-8600
Fax: (248) 489-4156
Don.Lansky@Couzens.com
Counsel for Defendants
American Handicapped and Disadvantaged Workers, Inc.,
American Handicapped, Inc., and Adli Dasuqi